UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALVARO RAMIREZ GUZMAN, ET AL.,

      Plaintiffs,

- against -

FIRST CHINESE PRESBYTERIAN COMMUNITY
AFFAIRS HOME ATTENDANT CORPORATION,

      Defendant.

20-cv-3929 (JGK)

MEMORANDUM OPINION
AND ORDER

---

EUGENIA BARAHONA ALVARADO,

      Plaintiff,

- against -

ALLIANCE FOR HEALTH, INC.,

      Defendant.

20-cv-3930 (JGK)

---

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, Alvaro Ramirez Guzman, Elida Agustina Mejia Herrera, Leticia Panama Rivas and Eugenia Barahona Alvarado, have moved for a new order, certifying for interlocutory appeal, the Court's Opinion and Order, dated February 18, 2021 ("Remand Order"), denying the plaintiffs' motions to remand. See Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp., No. 20-CV-3929, 2021 WL 632493, at *1 (S.D.N.Y. Feb. 18, 2021). The Court previously issued an Order, on May 7, 2021 ("Certification Order"), certifying the Remand Order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). See Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant

Corp., No. 20-CV-3929, 2021 WL 1852038, at *1 (S.D.N.Y. May 7, 2021).[1]

By letter, dated May 26, 2021, counsel for the plaintiffs informed the Court that counsel failed to file the plaintiffs' application with the Court of Appeals within ten days from the entry of the Certification Order, as required by 28 U.S.C. § 1292(b). ECF No. 38.[2] See 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)(3). Counsel for the plaintiffs stated that this failure occurred because the deadline was incorrectly calendared by their firm, and counsel has offered further justifications for the oversight. ECF No. 38.

As the Court of Appeals for the Second Circuit has instructed in Marisol A. v. Giuliani, district courts may "recertify" an order for interlocutory appeal, which the appellate court may accept upon consideration of certain factors, such as "the length of the delay," "the reasons given for failing to timely file," as well as "any prejudice to the appellee from the delay." 104 F.3d 524, 528 (2d Cir. 1996); but see Strange On Behalf of Strange v. Islamic Republic of Iran, Int. Section, 964 F.3d 1190, 1201 (D.C. Cir. 2020) ("Section 1292(b) requires the filing of a petition for permission to

---

[1] After issuing the Certification Order, the Court stayed both cases, pending a decision from the Second Circuit Court of Appeals.
[2] Docket numbers are in reference to the docket in Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp., No. 20-CV-3929, but counsel for the plaintiffs filed an identical letter in Alvarado v. Alliance, 20-cv-3930.

2

appeal within ten days and a court cannot give litigants more time merely by recertifying or reentering its original certification order."); Groves v. United States, 941 F.3d 315, 324 (7th Cir. 2019) (overruling prior Seventh Circuit precedent as inconsistent with Bowles v. Russell, 551 U.S. 205 (2007), and holding that Section 1292(b) "sets a ten-day limit that district courts can't toll" through recertification); cf. 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3929 (3d ed.). The Second Circuit Court of Appeals has emphasized that a would-be appellant's fault is "but one factor." Marisol A., 104 F.3d at 529 ("We reject the contention that an appellant's negligence completely strips the district court of discretion to recertify an interlocutory order.").

For substantially the same reasons explained in the Certification Order, recertification of the Remand Order is appropriate here. The controlling question of law raised by the Remand Order is as follows: Whether this Court has federal jurisdiction, pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, over state court actions in which the state court plaintiffs filed motions to vacate an arbitration award and stay further arbitration proceedings in a class action arbitration that began pursuant to a collective bargaining agreement?

This question remains a "controlling question of law as to which there is substantial ground for difference of opinion," and its prompt resolution could "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In short, none of the underlying factors that initially warranted certification have changed. Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru, No. 08-cv-492, 2010 WL 431789, at *1 (S.D.N.Y. Feb. 2, 2010).

The Second Circuit Court of Appeals has "caution[ed] that the power to renew the certification should be used carefully to prevent misuse of interlocutory appeals for the purpose or with the effect of harassing an adversary or fostering delay." Marisol, 104 F.3d at 529 (internal quotation and alterations omitted). However, the plaintiffs' letter suggests the request for a recertification was made because of a genuine failure to calendar the deadline. ECF No. 38. The plaintiffs have represented that their letter was filed on the same day the mistake was discovered. Id. at 1. Further, the plaintiffs' letter states that the plaintiffs "do not require another 10 days to file," and that the "petition would be filed immediately upon the issuance of a recertification order." Id. at 2. Moreover, the case has been stayed during the interim period. Thus, prejudice to the defendants would be minimal.

4

Accordingly, the Court grants the plaintiffs' request and recertifies the Remand Order for immediate appeal to the Court of Appeals for the Second Circuit. The Court certifies that the controlling question of law listed above warrants immediate appeal pursuant to 28 U.S.C. § 1292(b). Both cases shall remain stayed, pending a decision from the Court of Appeals.

**SO ORDERED.**

**Dated:**   New York, New York
May 28, 2021

_____
John G. Koeltl
**United States District Judge**